1  Robert A. Mittelstaedt (State Bar No. 60359)
   ramittelstaedt@jonesday.com
2  Tracy M. Strong (State Bar No. 221540)
   tstrong@jonesday.com
3  JONES DAY
   555 California Street, 26th Floor
4  San Francisco, CA  94104
   Telephone:   (415) 626-3939
5  Facsimile:   (415) 875-5700

6  Attorneys for Defendant
   APPLE INC.
7

8              UNITED STATES DISTRICT COURT

9        NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

10

11 | **STACIE SOMERS, on behalf of herself and all others similarly situated,** | **Case No. CV 07 6507 JW** |
   |---|---|
12 | | CLASS ACTION |
   | **Plaintiff,** | |
13 | | DEFENDANT APPLE INC.'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT |
   | v. | |
14 | | |
   | **APPLE, INC., a California Corporation,** | |
15 | | |
   | **Defendant.** | |
16

17

18

19

20

21

22

23

24

25

26

27

28

**ANSWER AND AFFIRMATIVE DEFENSES**

Now comes defendant Apple Inc. (hereinafter referred to as "Apple"), by its undersigned counsel, and in answer to the Complaint, and with the understanding that the allegations relate to activities within the United States, states as follows:

1. Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1, and therefore denies them.

2. The allegations in Paragraph 2 are not susceptible to being answered because of their ambiguity. To the extent that an answer is deemed necessary, Apple denies the allegations, except that Apple admits that it operates the iTunes Store (f/k/a the iTunes Music Store), that the iTunes Store can be accessed through the iTunes application, and that users may purchase and download digital music and digital video files from the iTunes Store.

3. Answering the allegations in Paragraph 3, Apple believes that many aspects of its iTunes Store offerings make it attractive to consumers. The allegations in the first sentence of Paragraph 3 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Apple denies the allegations in the first sentence of Paragraph 3. Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3 and therefore denies them, except that Apple admits that consumers may buy individual songs from its iTunes Store and that the iTunes Store currently offers over 3.5 million songs.

4. Answering the allegations in Paragraph 4, Apple believes that many aspects of its iTunes Store offerings make it attractive to consumers. Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4, which relate principally to allegations regarding consumers, and therefore denies them.

5. The allegations in Paragraph 5 state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Apple denies the allegations.

6. Answering the allegations in Paragraph 6, Apple believes that many aspects of its iTunes Store offerings make it attractive to consumers. The allegations in the first sentence of

Paragraph 6 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Apple denies the allegations in the first sentence of Paragraph 6. Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6, and therefore denies them, except that Apple admits that some television shows, music videos and short films are available in digital video format and sold online.

7. The allegations in Paragraph 7 state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Apple denies the allegations.

8. Answering the allegations in Paragraph 8, Apple believes that many aspects of its iPod products make them attractive to consumers. The allegations in the first sentence of Paragraph 8 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Apple denies the allegations in the first sentence of Paragraph 8. Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8 which relate principally to allegations regarding consumers, and therefore denies them.

9. The allegations in Paragraph 9 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Apple denies the allegations.

10. The allegations in Paragraph 10 state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Apple denies the allegations.

11. The allegations in Paragraph 11 state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Apple denies the allegations.

12. The allegations in Paragraph 12 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Apple denies the allegations, except that Apple admits that at a November 5, 2003 financial analyst meeting, Steve Jobs' response, in part, to a question included the phrase ". . . we are working with the Microsoft of music stores . . . ."


13. The allegations in Paragraph 13 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Apple denies the allegations.

14. The allegations in Paragraph 14 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Apple denies the allegations.

15. The allegations in Paragraph 15 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Apple denies the allegations.

16. The allegations in Paragraph 16 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Apple denies the allegations.

17. Answering the allegations in Paragraph 17, Apple admits the allegations in the first sentence. The remaining allegations in Paragraph 17 are not susceptible to being answered because of their ambiguity. To the extent that an answer is deemed necessary, Apple's publicly disclosed revenue and profit data speak for themselves, and no further disclosure is appropriate for this answer. On that basis, Apple denies the remaining allegations.

18. Answering the allegations of Paragraph 18, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

19. Answering the allegations of Paragraph 19, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

20. Answering the allegations of Paragraph 20, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

21. Answering the allegations of Paragraph 21, Apple admits that plaintiff purports to invoke jurisdiction of this Court under 15 U.S.C. §§ 15 and 26, and 28 U.S.C. §§ 1331, 1337, and 1367(a).

22. Answering the allegations of Paragraph 22, Apple admits that plaintiff purports to invoke jurisdiction of this Court under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2).

23. Answering the allegations of Paragraph 23, Apple admits that it is headquartered in Cupertino, California, that it transacts business in this judicial district and that consolidated cases under the caption *The Apple iPod iTunes Antitrust Litigation* are pending in this district, but Apple denies that it has engaged in any conduct giving rise to that complaint or this Complaint in this, or any other, judicial district. Apple denies the remaining allegations in Paragraph 23.

24. Answering the allegations of Paragraph 24, Apple admits that it is headquartered in Cupertino, California, which is in Santa Clara County, that it is authorized to conduct business in California and that it transacts business in California. Apple denies the remaining allegations in Paragraph 24.

25. Answering the allegations of Paragraph 25, Apple admits that it transacts business in Santa Clara County. Apple denies the remaining allegations in Paragraph 25.

26. The allegations in Paragraph 26 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Apple denies the allegations.

27. Answering the allegations in Paragraph 27, Apple admits that plaintiff purports to bring this action on behalf of herself and others. Apple denies that the plaintiff has established or can establish the prerequisites to certification and/or maintenance of the alleged classes pursuant to Rule 23 of the Federal Rules of Civil Procedure.

    (a) Answering the allegations in subsection (a) of Paragraph 27, Apple denies that the plaintiff has established or can establish the prerequisites to certification and/or maintenance of the alleged class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

    (b) Answering the allegations in subsection (b) of Paragraph 27, Apple denies that the plaintiff has established or can establish the prerequisites to certification and/or

1  maintenance of the alleged class pursuant to Rule 23 of the Federal Rules of Civil
2  Procedure.
3      28.    Apple denies the allegations in Paragraph 28
4      29.    Apple denies the allegations in Paragraph 29.
5      30.    Apple denies the allegations in Paragraph 30.
6      31.    Apple denies the allegations in Paragraph 31.
7      32.    Apple lacks knowledge or information sufficient to form a belief as to the truth of
8  the allegations in Paragraph 32, and therefore denies them.
9      33.    The allegations in Paragraph 33 state conclusions of law to which no answer is
10  necessary. To the extent that an answer is deemed necessary, Apple denies the allegations.
11      34.    The allegations in Paragraph 34 are not susceptible to being answered because of
12  their ambiguity. To the extent that an answer is deemed necessary, Apple denies the allegations.
13      35.    Apple lacks knowledge or information sufficient to form a belief as to the truth of
14  the allegations in Paragraph 35, and therefore denies them, except that Apple admits that the
15  record companies require or required Apple to use Digital Rights Management technology when
16  licensing their digital music.
17      36.    Answering the allegations of Paragraph 36, Apple is informed and believes that the
18  online digital music stores listed in this paragraph use WMA protected format and Apple lacks
19  knowledge or information sufficient to form a belief as to the truth of the remaining allegations in
20  Paragraph 36, and therefore denies them.
21      37.    The allegations in Paragraph 37 are not susceptible to being answered because of
22  their ambiguity. To the extent that an answer is deemed necessary, Apple denies the allegations.
23      38.    Answering the allegations in Paragraph 38, Apple admits that the iPod uses parts
24  manufactured by third parties and that it has used the Portal Player System-On-A-Chip in some
25  versions of its iPod. Apple denies that it deliberately designed the iPod's software so that it
26  would only play protected AAC. The remaining allegations in Paragraph 38 are not susceptible
27  to being answered because of their ambiguity. To the extent that an answer to those allegations is
28  deemed necessary, Apple denies them.

1    39.  Apple denies the allegations in Paragraph 39.

2    40.  Answering the allegations in Paragraph 40, Apple admits that it has used the SigmaTel STMP3550 in the iPod Shuffle. Apple lacks knowledge or information sufficient to form a belief as to whether every Digital Music Player other than the iPod that contains the SigmaTel STMP3550 plays WMA files, and therefore denies that allegation. Apple denies that it prevents the iPod Shuffle from playing WMA files. The remaining allegations in Paragraph 40 are not susceptible to being answered because of their ambiguity. To the extent that an answer to those allegations is deemed necessary, Apple denies them.

41.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41, and therefore denies them.

42.  The allegations in Paragraph 42 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Apple denies the allegations.

43.  The allegations in Paragraph 43 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Apple denies the allegations.

44.  The allegations in Paragraph 44 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Apple denies the allegations.

45.  The allegations in Paragraph 45 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Apple denies the allegations.

46.  The allegations in Paragraph 46 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Apple denies the allegations.

47.  Answering the allegations in Paragraph 47, Apple admits that the European Commission was investigating why iTunes Store prices vary across the European Economic Area

1 (EEA) but recently indicated that it would take no further action.  Apple denies the remaining
2 allegations.

3     48.    Answering the allegations in Paragraph 48, Apple admits that a consumer
4 association in France filed a lawsuit in connection with allegations that the iPod is exclusively
5 compatible with music purchased from the iTunes Store and vice versa.  Apple denies the
6 remaining allegations.

7     49.    Answering the allegations in Paragraph 49, Apple denies the allegations except
8 that Apple admits that the two chambers of the French Parliament passed different versions of a
9 bill on the subject of legal protection of technological protection measures.

10     50.    Answering the allegations in the first sentence of Paragraph 50, Apple denies the
11 allegations except that Apple admits that the French Parliament approved a law affording legal
12 protection to DRM (Digital Rights Management).  Answering the allegations in the second and
13 third sentence of Paragraph 50, Apple lacks knowledge or information sufficient to form a belief
14 as to the truth of the allegations and therefore denies them.  Answering the allegations in the
15 fourth sentence of Paragraph 50, Apple admits that it made a comment about "state sponsored
16 piracy" in relation to one of the earlier versions of the law.  Apple denies the remaining
17 allegations in Paragraph 50.

18     51.    Apple lacks knowledge or information sufficient to form a belief as to the truth of
19 the allegations in Paragraph 51, and therefore denies them.

20     52.    The allegations in Paragraph 52 are not susceptible to being answered because of
21 their ambiguity and because they state conclusions of law to which no answer is necessary.  To
22 the extent that an answer is deemed necessary, Apple denies the allegations, except that Apple
23 admits that the Office of the Norwegian Consumer Ombudsman sent a letter to Apple asking
24 questions about the use of DRM.

25     53.    Apple lacks knowledge or information sufficient to form a belief as to the truth of
26 the allegations in Paragraph 53, and therefore denies them, except that Apple admits that an
27 article appeared in the *Financial Times* on June 14, 2006 that mentioned Apple's iPod and the
28 iTunes Store in Denmark, Sweden and Finland.

54. The allegations in Paragraph 54 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Apple denies the allegations.

55. The allegations in Paragraph 55 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Apple denies the allegations.

56. The allegations in Paragraph 56 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Apple denies the allegations.

57. Apple denies the allegations in paragraph 57.

58. Apple denies the allegations in paragraph 58.

59. The allegations in Paragraph 59 are not susceptible to being answered because they state conclusions of law to which no answer is necessary. As to the allegations of the NAND spot market, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them. To the extent that an answer is deemed necessary to any additional portions of the paragraph, Apple denies the allegations. The current retail prices at which Apple sells its products are stated on the Apple website located at www.apple.com.

60. Apple denies the allegations in Paragraph 60.

**COUNT I**

61. Paragraph 61, which purports to incorporate by reference all of the allegations of the Complaint, requires neither admission nor denial.

62. Apple denies the allegations in Paragraph 62.

63. Apple denies the allegations in Paragraph 63.

64. Apple denies the allegations in Paragraph 64.

65. Apple denies the allegations in Paragraph 65.

66. Apple denies the allegations in Paragraph 66.

67. Paragraph 67, which purports to incorporate by reference all of the allegations of the Complaint, requires neither admission nor denial.

1    68.    Apple denies the allegations in Paragraph 68.

2    69.    Apple denies the allegations in Paragraph 69.

3    70.    Apple denies the allegations in Paragraph 70.

4    71.    Apple denies the allegations in Paragraph 71.

5    72.    Apple denies the allegations in Paragraph 72.

**COUNT II**

7    73.    Paragraph 73, which purports to incorporate by reference all of the allegations of the Complaint, requires neither admission nor denial.

9    74.    Apple denies the allegations in Paragraph 74.

10    75.    Apple denies the allegations in Paragraph 75.

11    76.    Apple denies the allegations in Paragraph 76.

**COUNT III**

13    77.    Paragraph 77, which purports to incorporate by reference all of the allegations of the Complaint, requires neither admission nor denial.

15    78.    Apple denies the allegations in Paragraph 78.

16    79.    Apple denies the allegations in Paragraph 79.

17    80.    Apple denies the allegations in Paragraph 80.

18    81.    Paragraph 81, which purports to incorporate by reference all of the allegations of the Complaint, requires neither admission nor denial.

20    82.    Apple denies the allegations in Paragraph 82.

21    83.    Apple denies the allegations in Paragraph 83.

22    84.    Apple denies the allegations in Paragraph 84.

23    85.    Paragraph 85, which purports to incorporate by reference all of the allegations of the Complaint, requires neither admission nor denial.

25    86.    Apple denies the allegations in Paragraph 86.

26    87.    Apple denies the allegations in Paragraph 87.

27    88.    Apple denies the allegations in Paragraph 88.

28    89.    Apple denies the allegations in Paragraph 89.

1   90.    Apple denies the allegations in Paragraph 90.

2   91.    Paragraph 91, which purports to incorporate by reference all of the allegations of
3   the Complaint, requires neither admission nor denial.

4   92.    Apple denies the allegations in Paragraph 92.

5   93.    Apple denies the allegations in Paragraph 93.

6   94.    Apple denies the allegations in Paragraph 94.

7   95.    Apple denies the allegations in Paragraph 95.

8   96.    Apple denies the allegations in Paragraph 96.

9   97.    Paragraph 97, which purports to incorporate by reference all of the allegations of
10  the Complaint, requires neither admission nor denial.

11  98.    Apple denies the allegations in Paragraph 98.

12  99.    Apple denies the allegations in Paragraph 99.

13  100.   Apple denies the allegations in Paragraph 100.

14  101.   Apple denies the allegations in Paragraph 101.

15  102.   Apple denies the allegations in Paragraph 102.

16  103.   Apple denies the allegations in Paragraph 103.

17                              **COUNT IV**

18  104.   Paragraph 104, which purports to incorporate by reference all of the allegations of
19  the Complaint, requires neither admission nor denial.

20  105.   Apple denies the allegations in Paragraph 105.

21  106.   Apple denies the allegations in Paragraph 106.

22  107.   Apple denies the allegations in Paragraph 107.

23                              **COUNT V**

24  108.   Paragraph 108, which purports to incorporate by reference all of the allegations of
25  the Complaint, requires neither admission nor denial.

26  109.   Apple denies the allegations in Paragraph 109.

27  110.   Apple denies the allegations in Paragraph 110.

28  111.   Apple denies the allegations in Paragraph 111.

|   |   |   |
|---|---|---|
| 1 | 112. | Apple denies the allegations in Paragraph 112. |
| 2 | 113. | Apple denies the allegations in Paragraph 113. |
| 3 | 114. | Apple denies the allegations in Paragraph 114. |
| 4 | 115. | Apple denies the allegations in Paragraph 115. |

**COUNT VI**

116. Paragraph 116, which purports to incorporate by reference all of the allegations of the Complaint, requires neither admission nor denial.

117. Answering the allegations of Paragraph 117, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

118. Apple denies the allegations in Paragraph 118.

119. Apple denies the allegations in Paragraph 119.

120. Apple denies the allegations in Paragraph 120, except that Apple admits that its current stock market capitalization is over 110 billion dollars.

121. Apple denies the allegations in Paragraph 121.

122. Apple denies the allegations in Paragraph 122.

123. Apple admits that plaintiff sent a letter to Apple regarding the Consumer Legal Remedies Act but denies the remaining allegations in Paragraph 123.

124. Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 124, and therefore denies them.

**COUNT VII**

125. Paragraph 125, which purports to incorporate by reference all of the allegations of the Complaint, requires neither admission nor denial.

126. Apple denies the allegations in Paragraph 126.

**AFFIRMATIVE DEFENSES**

Apple sets forth below its affirmative defenses. Each defense is asserted as to all claims against Apple. By setting forth these affirmative defenses, Apple does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to the

plaintiffs. Moreover, nothing stated herein is intended or shall be construed as an admission that any particular issue or subject matter is relevant to the plaintiff's allegations.

Apple reserves the right to amend or supplement its affirmative defenses and raise counterclaims as additional facts concerning its defenses become known to it.

As separate and distinct affirmative defenses, Apple alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The plaintiff and/or others claimed to be members of the putative class lack standing to assert their claims and/or to seek some or all of the requested relief.

## THIRD AFFIRMATIVE DEFENSE

The plaintiff and/or others claimed to be members of the putative class have sustained no injury in fact or damages caused by any act or omission of Apple.

## FOURTH AFFIRMATIVE DEFENSE

The plaintiff and/or others claimed to be members of the putative class have not suffered and will not suffer any injury that is cognizable under the antitrust laws.

## FIFTH AFFIRMATIVE DEFENSE

The activities of Apple alleged in the Complaint do not give rise to antitrust liability because they did not result in adverse effects on competition or, in the alternative, any such effects were outweighed by the pro-competitive benefits of the activities.

## SIXTH AFFIRMATIVE DEFENSE

Defendant Apple has at all times and in all relevant manners acted reasonably, as necessary to serve legitimate business purposes, in furtherance of trade, in good faith, and with the purpose and effect of promoting, encouraging, or increasing competition. Apple has not acted with the purpose or intent to suppress or restrain competition.

### SEVENTH AFFIRMATIVE DEFENSE

The claims of the plaintiff and/or others claimed to be members of the putative class are barred, in whole or in part, by the applicable statutes of limitations and/or the doctrine of laches.

### EIGHTH AFFIRMATIVE DEFENSE

The claims of the plaintiff and/or others claimed to be members of the putative class are barred, in whole or in part, under the doctrine of unclean hands.

### NINTH AFFIRMATIVE DEFENSE

The claims of the plaintiff and/or others claimed to be members of the putative class are barred, in whole or in part, under the doctrines of waiver and/or estoppel.

### TENTH AFFIRMATIVE DEFENSE

The claims of the plaintiffs and/or others claimed to be members of the putative class are barred, in whole or in part, because the alleged damages sought are too speculative and uncertain.

### ELEVENTH AFFIRMATIVE DEFENSE

The plaintiff and/or others claimed to be members of the putative class have failed to mitigate their damages, if any.

WHEREFORE, defendant Apple respectfully requests that this Court:

1. Enter judgment against the plaintiff and in favor of Apple;
2. Dismiss the Complaint in its entirety, with prejudice;
3. Decline to award the requested relief;
4. Award Apple its costs and reasonable attorneys' fees incurred in this action; and
5. Grant such other and further relief as the Court may deem just and proper.

Dated: February 21, 2008         Jones Day

By: /s/ Robert A. Mittelstaedt
    Robert A. Mittelstaedt

Counsel for Defendant
APPLE INC.

SFI-578109v1

ANSWER & AFFIRMATIVE DEFENSES
Case No. CV 07 6507 JW

- 14 -