1  Robert A. Mittelstaedt (State Bar No. 60359)
   ramittelstaedt@jonesday.com
2  Elaine Wallace (State Bar No. 197882)
   ewallace@jonesday.com
3  Tracy M. Strong (State Bar No. 221540)
   tstrong@jonesday.com
4  JONES DAY
   555 California Street, 26th Floor
5  San Francisco, CA  94104
   Telephone:    (415) 626-3939
6  Facsimile:    (415) 875-5700

7  Attorneys for Defendant
   APPLE INC.

8

# UNITED STATES DISTRICT COURT

9

## NORTHERN DISTRICT OF CALIFORNIA

10

11

| | |
|---|---|
| **STACIE SOMERS, On Behalf of Herself and  All Others Similarly Situated,** | **Case No. C 07 6507 JW** |
| **Plaintiff,** | CLASS ACTION |
| v. | |
| **APPLE INC.,** | **STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION** |
| **Defendant.** | |

WHEREAS, in the course of discovery in this case it may be necessary for the parties or third parties to disclose personal confidential information, trade secrets, proprietary or other confidential commercial information; and

WHEREAS, the parties do not wish unreasonably to impede or burden the discovery process, but also wish to assure the reasonable protection of such personal, confidential information, trade secrets, proprietary or other confidential commercial information;

IT IS THEREFORE STIPULATED that:

1.      This confidentiality stipulation and protective order ("Protective Order") shall govern the production and disclosure of information by or on behalf of any party or nonparty through the discovery and all pretrial processes.  This Protective Order is not intended to govern

at trial.  The parties will cooperate in establishing procedures acceptable to the Court with respect

to the protection of information designated as "CONFIDENTIAL" and "CONFIDENTIAL -

ATTORNEYS EYES ONLY" pursuant to this Protective Order at any trial and upon any appeal

of this case.

2.    For purposes of this Protective Order, "Discovery Materials" shall include

documents produced pursuant to Rule 34 of the Federal Rules of Civil Procedure, interrogatory

responses, deposition testimony, subpoenas and all other information that may be disclosed in the

course of discovery in this action, as well as compilations or excerpts of such materials.

Discovery Materials shall be used for the prosecution and defense of this action only.

3.    This Protective Order shall not abrogate or diminish any privilege or any

contractual, statutory or other legal obligation or right of any party with respect to Discovery

Materials.

4.    Any party or nonparty may identify any Discovery Materials it deems to be

entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure, by designating

such Discovery Materials as "CONFIDENTIAL."  Any such designation shall be made in good

faith.  Discovery Materials so designated shall be marked "CONFIDENTIAL."

5.    If any party or nonparty believes that disclosure of Discovery Materials would

affect its competitive position or security interests in an adverse manner, that party or nonparty

may designate the Discovery Materials as "CONFIDENTIAL – ATTORNEYS EYES ONLY."

The designation of "CONFIDENTIAL – ATTORNEYS EYES ONLY" shall be limited to

Discovery Materials that the disclosing party believes in good faith contain extremely sensitive

CONFIDENTIAL information whose disclosure to another party or nonparty would create a

substantial risk of serious injury that could not be avoided by less restrictive means.  Any such

designation shall be made in good faith.  If a party or nonparty produces Discovery Materials that

it does not designate as "CONFIDENTIAL – ATTORNEYS EYES ONLY," but later wishes to

so designate such Discovery Materials, it shall be entitled to do so; but the provisions of this

Protective Order applicable to CONFIDENTIAL – ATTORNEYS EYES ONLY Discovery

Materials shall not apply until and unless such designation is made.  Unless otherwise ordered by

1  this Court or agreed to in writing by the party producing such information, information designated

2  CONFIDENTIAL – ATTORNEYS EYES ONLY shall not be revealed to any person except as

3  provided in this Protective Order.

4        6.      In the event that a party or nonparty makes documents available for inspection,

5  rather than delivering copies to another party, no marking need be made in advance of the initial

6  inspection.  For purposes of the initial inspection, all documents produced shall be considered as

7  marked "CONFIDENTIAL."  Thereafter, upon the inspecting party's selection of documents for

8  copying, the party producing the documents may mark the copies "CONFIDENTIAL" or

9  "CONFIDENTIAL – ATTORNEYS EYES ONLY" pursuant to paragraphs 4 and 5, above.

10  Deposition transcript pages may be designated "CONFIDENTIAL" or "CONFIDENTIAL –

11  ATTORNEYS EYES ONLY" within two weeks of receipt of the transcript, and shall be deemed

12  to have been designated "CONFIDENTIAL" in their entirety until those two weeks have elapsed.

13  Testimony may also be designated on the record of any deposition as "CONFIDENTIAL" or

14  "CONFIDENTIAL – ATTORNEYS EYES ONLY."

15        7.      Access to Discovery Materials designated "CONFIDENTIAL" or

16  "CONFIDENTIAL – ATTORNEYS EYES ONLY" shall be restricted  in accordance with the

17  following provisions:

18            (a)     "CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEYS EYES

19        ONLY" Discovery Materials and all information extracted from them shall be used solely

20        for the purposes of prosecuting or defending this action, and for no other purposes.

21        Discovery Materials designated "CONFIDENTIAL" may be disclosed to the parties to

22        this litigation.

23            (b)     Counsel for each party shall restrict access to "CONFIDENTIAL –

24        ATTORNEYS EYES ONLY" Discovery Materials produced by any other party or

25        nonparty by limiting the dissemination of such material to attorneys representing the

26        parties in this lawsuit, including in-house counsel for a party ("Counsel of Record").  Any

27        and all further disclosure of "CONFIDENTIAL – ATTORNEYS EYES ONLY"

28

Discovery Materials shall be governed by the provisions of subparagraphs (c) - (g) and paragraphs 8 and 10, below.

(c)    No copies, extracts or summaries of any "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" Discovery Materials shall be made except by or on behalf of Counsel of Record; and such copies, extracts or summaries shall also be designated and treated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" Discovery Materials and shall not be delivered or exhibited to any persons except as provided by this Protective Order.

(d)    Counsel of Record may allow access to "CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEYS EYES ONLY" Discovery Materials produced by another party to consultants, including consultants designated to testify as expert witnesses, provided:

(1)    such experts and consultants are not (i) current directors, officers or employees of any competitor of the producing party or (ii) experts or consultants for any competitor of the producing party in a matter involving competitive decisionmaking.  As used in this Protective Order, "competitive decisionmaking" shall mean activities, association and relationship with a competitor that are such to involve advice and participation in any or all of the competitor's decisions (pricing, product design, etc.) made in light of similar or corresponding information about a competitor;

(2)    such experts and consultants shall not be permitted to provide advice, analysis, or recommendations to a competitor of the producing party on a matter involving competitive decisionmaking while the above-entitled litigation is pending, absent consent of the producing party, until at least twelve (12) months after the conclusion of this litigation.  Consent of the producing party shall not be withheld absent compelling grounds;

(3)    that any such expert or consultant shall first be provided with a copy of this Protective Order and shall execute an undertaking in the form annexed hereto as Exhibit A.  Consultants and experts are hereby specifically advised that their written

work product which contains or discloses the substance of "CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEYS EYES ONLY" Discovery Materials is subject to all the provisions of this Protective Order. Counsel of Record disclosing "CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEYS EYES ONLY" Discovery Materials to consultants shall be responsible for obtaining the executed undertaking in advance of such disclosure and also shall retain the original executed copy of said undertaking;

(4)    that before receiving or having access to Discovery Materials designated "CONFIDENTIAL – ATTORNEYS EYES ONLY," such experts and consultants shall execute a Declaration in the form attached as Exhibit B. Counsel of Record disclosing "CONFIDENTIAL – ATTORNEYS EYES ONLY" Discovery Materials to consultants shall be responsible for obtaining the executed undertaking in advance of such disclosure and also shall retain the original executed copy of said undertaking;

(5)    if at any time a person designated to receive "CONFIDENTIAL – ATTORNEYS EYES ONLY" Discovery Materials intends to take on responsibility for competitive decisionmaking, he or she may seek leave of this Court to be released from the terms of this Protective Order.

(e)    During depositions, Counsel of Record may question any witness about "CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEYS EYES ONLY" Discovery Materials. Any "CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEYS EYES ONLY" document so referred to may be marked as an exhibit, but no such "CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEYS EYES ONLY" document, or any portion thereof, shall be attached to any publicly-available deposition or other transcript without the written consent of the party that designated the document as "CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEYS EYES ONLY." Portions of deposition transcripts designated "CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEYS EYES ONLY" shall be so marked and "CONFIDENTIAL" and

1    "CONFIDENTIAL – ATTORNEYS EYES ONLY" portions, including exhibits

2    consisting of "CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEYS EYES

3    ONLY" documents, shall be bound under seal separately form the non-confidential

4    portions of the transcript.

5         (f)    In the event that any "CONFIDENTIAL" or "CONFIDENTIAL –

6    ATTORNEYS EYES ONLY" Discovery Materials are attached to, or quoted or

7    summarized in, any pleadings, motion papers or other papers filed with this Court or any

8    other court and said "CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEYS EYES

9    ONLY" Discovery Materials would be disclosed in any way therein, such Discovery

10   Materials, pleadings or papers shall be submitted to the Court with a request to file under

11   seal in accordance with this Court's Civil Local Rule 79-5. Copies of such documents

12   containing information subject to this Protective Order that are served on counsel for the

13   parties shall be similarly identified and shall be maintained as "CONFIDENTIAL" and

14   "CONFIDENTIAL – ATTORNEYS EYES ONLY" as described herein.

15        (g)    Any pleadings, motion papers or other papers not filed under seal shall

16   have deleted therefrom all "CONFIDENTIAL" Discovery Materials and all portions of

17   such pleadings or papers that would disclose the substance of "CONFIDENTIAL"

18   Discovery Materials, provided, however, that any "CONFIDENTIAL" Discovery

19   Materials served upon Counsel of Record need not have said materials deleted therefrom.

20        8.    Should Counsel of Record for any party wish to disclose any "CONFIDENTIAL"

21   or "CONFIDENTIAL – ATTORNEYS EYES ONLY" Discovery Materials produced by another

22   party to a person not authorized by this Protective Order to review such "CONFIDENTIAL" and

23   "CONFIDENTIAL – ATTORNEYS EYES ONLY" Discovery Materials, said counsel shall first

24   provide counsel for the producing party with a short statement of the reason for the proposed

25   disclosure and the name, address and business or professional affiliation and title (e. g., officer,

26   director, etc.) of such person, by written notice, delivered by hand or by fax, at least ten days prior

27   to the proposed disclosure. If counsel for the producing party objects to the disclosure within said

28   ten-day period, then the party requesting consent shall not proceed with the proposed disclosures,

the parties shall engage in good faith efforts to resolve the matter informally and, if those efforts should fail, the party requesting consent may file with this Court an application or motion seeking authorization to make the proposed disclosure pursuant to paragraph 10 below.

9.      The disclosure of any Discovery Materials pursuant to the terms of this Protective Order is not intended to be and shall not be construed as a waiver of any right or a relinquishment of any confidentiality claim as to said Discovery Materials or as a waiver of any claim that the information disclosed is a trade secret or is proprietary.

10.      If any dispute arises concerning whether information designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" should in fact be considered "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" for purposes of this Protective Order, then the parties shall try first to resolve such dispute in good faith on an informal basis.  If the dispute cannot be so resolved, the party who has objected to the designation of the information as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" shall give written notice that such informal attempts have failed.  After the party's receipt of such notice, the objecting party may file a motion asking the Court to resolve the issue. On such motion, the party asserting confidentiality shall have the burden of proving that the "CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEYS EYES ONLY" information:  (a) constitutes a trade secret or other confidential research, development, or commercial information within the meaning of Rule 26(c)(7) of the Federal Rules of Civil Procedure or (b) is otherwise entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure.  Prior to the determination of such motion, the disputed information shall be treated by the parties as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY."  If such motion is granted and five days have passed after entry of an order granting the motion, then the party may proceed with the proposed disclosure.

11.      Upon final resolution of this litigation, including any appellate proceedings or expiration of the time allowed therefore:

(a)      Unless otherwise agreed, counsel for each party shall return all Discovery Materials marked "CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEYS EYES

ONLY" received hereunder, including all copies thereof, to counsel for the party or nonparty that produced said materials. Counsel for each party shall also destroy all extracts or summaries of "CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEYS EYES ONLY" Discovery Materials or documents containing such material. Certification of such destruction, under penalty of perjury, is to be made in writing to counsel for the party who produced such "CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEYS EYES ONLY" Discovery Materials; and

    (b) The Clerk of the Court shall maintain under seal any documents that have been sealed by the Court, subject to Civil Local Rule 79-5(f) and any further order of the Court.

  12. Nothing contained in this Protective Order shall preclude any party or nonparty from seeking or obtaining, upon an appropriate showing, additional protection with respect to any documents, information, or other Discovery Materials or trade secrets. Nothing contained herein relieves any party of its obligation to respond to discovery.

  13. The Court may modify this Protective Order at any time or consider any dispute which may arise hereunder upon motion of any of the parties.

//

//

//

1    14.    This Protective Order shall remain in effect for the duration of the action unless

2 terminated by stipulation or pursuant to Court order. Insofar as they restrict the disclosure,

3 treatment, or use of information subject to this Protective Order, the provisions of this Protective

4 Order shall continue to be binding after the termination of this action, unless the Court orders

5 otherwise.

6 It is hereby STIPULATED:

7

8 Dated: March 14, 2008                          HAEGGQUIST LAW GROUP
                                                 Alreen Haeggquist
9                                                501 West Broadway, Suite A-276
                                                 San Diego, CA 92101
10                                               Telephone: (619) 955-8218

11

12 By: _____
                                                 Alreen Haeggquist

13                                               Attorney for Plaintiff

14

15 Dated: March 14, 2008                          JONES DAY

16

17 By: _____
                                                 Robert A. Mittelstaedt

18                                               Counsel for Defendant
19                                               APPLE COMPUTER, INC.

20                                           ORDER

21    The parties having stipulated to the foregoing and good cause appearing, IT IS SO

22 ORDERED.

23    Dated: _____, 2008

24

25                                               The Honorable Richard Seeborg
                                                 United States Magistrate Judge

26

27

28

SF:58700191.1                              9                  Stipulated Protective Order
                                                             C 07 6507 JW

1

## **EXHIBIT A**

2

## **AGREEMENT TO BE BOUND BY THE STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION**

3

4        I, _____, hereby acknowledge that I have read the Stipulation and

5    Protective Order Regarding Confidential Information entered into on behalf of the parties to

6    *Somers v. Apple Inc.*, Case No. 06-6507 JW, filed in the United States District Court, Northern

7    District of California.  I understand the provisions prohibiting the disclosure of confidential

8    information for any purpose or in any manner not connected with the prosecution or defense of

9    this action and I agree to be bound by all provisions of that stipulation and order.

10

11    Date: _____        Signature:    _____

12

13    Print Full Name and Address:_____

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **EXHIBIT B**

### **DECLARATION OF UNDERTAKING AND COMPLIANCE**

I, _____, declare:

1.    My address is _____.

2.    My present employer is _____.

3.    My present occupation and job title are _____

_____.

4.    I have received a copy of the Protective Order Regarding Confidential Information entered into on behalf of the parties to *Somers v. Apple Inc.*, Case No. C07-6507 JW, filed in the United States District Court, Northern District of California.  I have carefully read and understand the provisions of it and agree that I will comply with all provisions of it.

5.    I am not involved in "competitive decisionmaking" for any party in the above-entitled action, as that term is defined in the Protective Order.  I agree that if I intend at any time to take on responsibility for competitive decisionmaking, I will seek leave of Court to be released from this Protective Order.

6.    I submit to the jurisdiction of the United States District Court for the Northern District of California for purposes of enforcement of the Protective Order, and fully understand that violation of the Protective Order is punishable by contempt of Court.

7.    I will hold in confidence, and will not disclose to anyone not qualified under the Protective Order, any Discovery Materials disclosed to me that are designated "Confidential" or "Confidential – Attorneys Eyes Only" or any words, summaries or abstracts thereof.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this _____ day of _____, _____, at

_____.

_____          _____
(Print Name)                                                    (Signature)