| | |
|---|---|
| 1 | Robert A. Mittelstaedt (State Bar No. 60359) |
| | ramittelstaedt@jonesday.com |
| 2 | Tracy M. Strong (State Bar No. 221540) |
| | tstrong@jonesday.com |
| 3 | JONES DAY |
| | 555 California Street, 26th Floor |
| 4 | San Francisco, CA  94104 |
| | Telephone:    (415) 626-3939 |
| 5 | Facsimile:     (415) 875-5700 |
| 6 | Attorneys for Defendant |
| | APPLE INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACIE SOMERS, on behalf of herself and all others similarly situated, | Case No. CV 07 6507 JW |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| APPLE, INC., a California Corporation, | |
| Defendant. | |

**Proof of Service**

# PROOF OF SERVICE

**STATE OF CALIFORNIA** )
) **ss.**
**COUNTY OF SAN FRANCISCO** )

    I am employed in the aforesaid County, State of California; I am over the age of eighteen years and not a party to the within entitled action; my business address is: **555 California Street, 26th Floor, San Francisco, California  94104-1500.**

    On **March 14, 2008**, I served the foregoing:

- **STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION**
- **STIPULATION AND [PROPOSED] ORDER LIMITING DISCOVERY**

on the interested parties in this action addressed as follows:

*See Service List Attached*

[X]    **BY MAIL:** I caused such envelope to be deposited in the mail at San Francisco, California. The envelope was mailed with postage thereon fully prepaid.

    As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]    **BY FEDERAL EXPRESS:** I placed such envelope for deposit in the Federal Express drop slot for service by Federal Express. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with Federal Express on that same day at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if service is more than one day after date of deposit for express service in affidavit.

[ ]    **BY PERSONAL SERVICE:** I caused such envelope to be hand delivered to the office of the addressee on the date specified above.

[ ]    **VIA ELECTRONIC MAIL**: I caused such document(s) to be transmitted by e-mail to the party(ies) on the date specified above.

[ ]    **VIA FACSIMILE**: I caused such document(s) to be transmitted from facsimile number (415) 875-5700 to the facsimile machine(s) of the above-listed party(ies) on the date specified above. The transmission(s) was/were reported as complete and without error.

[ ]    **STATE** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[X]    **FEDERAL** I declare that I am employed within the office of a member of the bar of this Court at whose direction the service was made.

Executed on **March 14, 2008,** at San Francisco, California.

                                                      /S/
                                                 Denise Harmon

Service List for U.S.D.C. Northern District Case No. CV07-6507 JW

Steven A Skalet
Mehri & Skalet, PLLC
1250 Connecticut Avenue NW
Suite 300
Washington, DC 20036
202-822-5100
Fax: 202-822-4997

SFI-578882v1

3

**Proof of Service**