1  Robert A. Mittelstaedt (State Bar No. 60359)
   ramittelstaedt@jonesday.com
2  Elaine Wallace (Stage Bar No. 197882)
   ewallace@jonesday.com
3  Tracy M. Strong (State Bar No. 221540)
   tstrong@jonesday.com
4  JONES DAY
   555 California Street, 26th Floor
5  San Francisco, CA  94104
   Telephone:    (415) 626-3939
6  Facsimile:    (415) 875-5700

7  Attorneys for Defendant
   APPLE INC.

8
                    UNITED STATES DISTRICT COURT
9
          NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION
10

11
   STACIE SOMERS, On Behalf of Herself and          **Case No. C 07 6507 HRL**
12 All Others Similarly Situated,
                                                    JOINT CASE MANAGEMENT
13                 Plaintiff,                        STATEMENT AND PROPOSED
                                                    ORDER
14         v.

15 APPLE INC.,

16                 Defendant.

17

18

19

20

21

22

23

24

25

26

27

28

1    On April 7, 2008, counsel for the parties in the above-entitled action held a telephonic

2    meet and confer session to discuss their respective proposals for this Joint Case Management

3    Statement.  As such, the parties jointly submit this Case Management Statement and Proposed

4    Order, and request that the Court adopt it as its Case Management Order in this case.

5                                    **JURISDICTION AND SERVICE**

6    1.  Jurisdiction is conferred upon this judicial district pursuant to 15 U.S.C. §§ 15 and 26, and

7        28 U.S.C. §§ 1331 and 1337.  The Court has supplemental jurisdiction over Plaintiff's

8        state law claims pursuant to 28 U.S.C. § 1367(a).

9    2.  This Court also has original jurisdiction over this action under the Class Action Fairness

10       Act of 2005, 28 U.S.C. § 1332(d)(2) ("CAFA"), as to the named Plaintiff and every

11       member of the alleged class, because the proposed class contains more than 100 members,

12       the aggregate amount in controversy exceeds $5 million, and members of the alleged class

13       reside across the United States, and are therefore diverse from Defendant.

14   3.  The parties are aware of no other jurisdictional issues (e.g., service of process, personal

15       jurisdiction, or venue) that remain unresolved.

16   4.  All parties to the complaint (i.e., Apple) have been served.

17   5.  No joinder of additional parties is intended or planned by the parties at this time.

18                                            **FACTS**

19   6.  This is a putative class action antitrust case brought by Plaintiff Stacie Somers,

20       individually and on behalf of all others who purchased an Apple iPod indirectly from

21       Apple, or who purchased audio or video content from Apple's Music Store.  Somers filed

22       her original complaint on December 31, 2007 ("Complaint").  Count I of the Complaint

23       alleges that Apple violated Section 1 of the Sherman Act through unlawful bundling or

24       tying of music and video files sold through its iTunes store to its iPod portable hard-drive

25       digital media player, and vice-versa.  Counts II and III of the Complaint allege that Apple

26       has unlawfully monopolized and attempted to monopolize the relevant markets for the

27       sale of legal online digital music and video files and for portable hard-drive digital media

28

C07 6507 HRL
JOINT CASE MANAGEMENT STATEMENT AND
PROPOSED ORDER

players.  Counts IV-VII allege supplemental claims for violation of California and
common law antitrust and consumer protection laws.

7. On February 21, 2008, Apple filed its answer to Somers's complaint.

8. The principal factual issues that the parties dispute include: the definitions of the relevant
market(s) applicable to this action; whether Apple improperly attained and maintained
market power in the relevant market(s); whether Somers and the putative class members
were coerced into buying an iPod or subscribing to iTunes online music store; whether
Apple engaged in any exclusionary conduct; whether Apple's alleged anticompetitive
conduct has caused Somers and the putative class members to sustain any harm or injury
to their business and/or property, and if so, the measure of damages, if any, suffered by
Somers and the putative class members.

## LEGAL ISSUES

9. The principal legal issues that the parties dispute include: whether this action may proceed
as a class action under Federal Rule of Civil Procedure 23 and, if so, the proper class
definition; whether plaintiff can prove legally cognizable relevant market definitions;
whether plaintiff's characterization of Apple's alleged market power is legally correct;
whether Apple's alleged conduct is unlawful under the Sherman Act, California state law,
and the common law of monopolization; whether Apple's alleged conduct is the
proximate cause of any harm allegedly suffered by plaintiff and the putative class; the
proper measure of damages, if any; and whether Somers and/or the putative class is
entitled to injunctive relief against Apple.

## MOTIONS

10. Plaintiff plans to file a Motion for Class Certification on November 3, 2008.

11. Defendant anticipates filing a Motion for Summary Judgment.

## AMENDMENT OF PLEADINGS

12. The parties agree that all amendments to the pleadings must be done 30 days after the
ruling on class certification.

C07 6507 HRL
JOINT CASE MANAGEMENT STATEMENT AND
PROPOSED ORDER

1

## EVIDENCE PRESERVATION

2  13. The parties have taken steps to preserve evidence relevant to the issues reasonably evident

3    in this action, including interdiction of all pertinent document-destruction programs and

4    any ongoing erasures of relevant e-mails and other electronically-recorded material.

5

## DISCLOSURES

6  14. The parties stipulate and agree that they will exchange initial disclosures under Fed. R.

7    Civ. P. 26 (a) no later than June 9, 2008.

8

## DISCOVERY

9  15. On March 14, 2008, the Court entered a stipulated order limiting discovery to class

10    certification issues and other specified preliminary issues until after class certification

11    briefing occurs. See Docket Item No. 19. The parties believe that consistent with this

12    Court's approach in the related cases, it is premature at this time to set deadlines for the

13    completion of all discovery in this case, given that the Court's ruling on class certification

14    could affect the discovery needs of the parties in ways they cannot anticipate. The parties

15    propose that the Court hold a status conference as soon as possible after its ruling on

16    Plaintiff's motion for class certification, in order to set out a schedule for merits

17    discovery.

18  16. Plaintiff proposes that, other than expert depositions, the parties shall be limited to fifteen

19    depositions each prior to the motion for class certification, and an additional fifteen

20    depositions each after the motion for class certification is filed; that the parties shall be

21    limited to 100 interrogatories each; and that any party, for good cause, may move the

22    Court for an extension of the foregoing discovery limits. Defendant submits that no good

23    cause exists at this point to extend the provisions of Rule 30 which limit parties to ten

24    depositions, or the provisions of Rule 33, which limit the parties to twenty-five

25    interrogatories.

26

## CLASS ACTIONS

27  17. Plaintiff brings this action on behalf of herself, and all others similarly situated, pursuant

28    to Rules 23(b)(2) and (3) of the Federal Rules of Civil Procedure.

18. Plaintiff seeks to represent the following Classes:

    a. Injunctive Relief Class (for injunctive relief under the Clayton Act, 15 U.S.C. § 26): All persons or entities in the United States (excluding federal, state and local governmental entities, Apple, its directors, officers and members of their families), that, during the Class Period, purchased an Apple iPod, or who purchased audio or video content from Apple's Music Store, from December 28, 2003 through the conclusion of the trial of this matter.

    b. Indirect Purchaser Damages Class (for damages under the Cartwright Act, Cal. Bus. & Prof. Code § 16720): All persons or entities in the United States (excluding federal, state and local governmental entities, Apple, its directors, officers and members of their families) that during the Class Period purchased an Apple iPod indirectly from Apple or video content from Apple's Music Store from December 28, 2003 through the conclusion of the trial of this matter.

19. Plaintiff believes that she is entitled to maintain this action pursuant to Rule 23(b)(2) and (3) of the Federal Rules of Civil Procedure, based on the following facts:

    a. The Classes are so numerous that joinder of all members is impractical. There are thousands of members in each Class who are geographically dispersed throughout the United States.

    b. Plaintiff's claims are typical of the claims of the members of the Classes, because Plaintiff and all Class members were damaged by the same wrongful conduct of the Defendant alleged in the Complaint.

    c. There are questions of law and fact common to the Classes that predominate over any questions affecting only individual Class members.

    d. The claims of Plaintiff are typical of the claims of the Classes, and Plaintiff has no interest adverse to the interest of other members of the Classes.

    e. Plaintiff will fairly and adequately protect the interests of the Classes, and has retained counsel experienced and competent in the prosecution of complex class actions and antitrust litigation.

f.   A class action is superior to other available methods for the fair and efficient adjudication of the controversy.  Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not afford on their own to individually litigate an antitrust claim against a large corporate defendant.  There are no difficulties likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of the controversy.

20.  Defendant disagrees that this action is appropriate for class certification.  Among other things, the courts have uniformly recognized that where, as here, no contractual tie exists and the products may be and are purchased and used separately, proof of a tying claim requires individual proof of coercion and thus class treatment is inappropriate.  A consumer, for example, who purchased an iPod to give as a gift or to play music from the consumer's CD collection rather than from the iTunes Store was not coerced and has no claim.  The same is true for countless consumers who buy iPods and/or music from the iTunes Store because they are the best MP3 player and best online music store.  Class certification is also precluded because consumers are differently situated with respect to any alleged injury or any proposed remedy.

21.  Subject to Court approval, the parties agree to the following scheduling plan for class certification:

a.   Plaintiff shall file and serve her class certification motion no later than November 3, 2008;

b.   Apple shall file and serve its opposition to the motion for class certification no later than January 15, 2009;

c.  Plaintiff shall file and serve her reply brief in further support of her motion for class certification no later than March 2, 2009; and

d.  Subject to Court availability, the hearing on the motion for class certification shall be held on March 16, 2009.

e.  The parties further agree that should they submit any declarations or affidavits in support of their class certification briefing papers, they will make such affiants or declarants available for deposition by the opposing party sufficiently in advance of the next briefing deadline.

**RELATED CASES**

22. Upon filing, this action was transferred to Judge James Ware, as a related action to *The Apple iPod iTunes Antitrust Litigation*, C-05-00037 JW and *Tucker v. Apple Computer, Inc.*, C-06-4457-JW, consolidated cases involving direct purchasers who make similar allegations of anticompetitive behavior against Apple concerning its iPod player and iTunes store.

**RELIEF**

23. Plaintiff and the Classes seek multiple forms of relief:  damages, penalties and other monetary relief provided by applicable law, including treble damages; injunctive relief; full restitution of all funds acquired from Apple's unfair business practices, including disgorgement of revenues and/or profits; and costs of suit, including reasonable attorneys' fees and pre- and post-judgment interest.

**SETTLEMENT AND ALTERNATIVE DISPUTE RESOLUTION**

24. The parties have not filed a Stipulation and Proposed Order Selecting an ADR process, and the parties believe that it is premature to select such a process at this time.

**CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

25. The parties do not consent to assignment of this case to a United States Magistrate Judge for trial.

C07 6507 HRL
JOINT CASE MANAGEMENT STATEMENT AND
PROPOSED ORDER

- 7 -

## OTHER REFERENCES

26. The parties agree that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## NARROWING OF ISSUES

27. The parties agree that they are not aware of any issues that can be narrowed by agreement or by motion at this time.

## EXPEDITED SCHEDULE

28. The parties agree that this is not the type of case that can be handled on an expedited basis.

## SCHEDULING

29. Consistent with this Court's approach in the related cases, Defendant believes that discovery and other deadlines should be set by the Court following the Court's ruling on class certification.

30. Plaintiff believes the following deadlines should be set after the close of merits discovery:

    a. Plaintiff will serve her Rule 26(a)(2) expert disclosures within 30 days after the close of fact discovery;

    b. Plaintiff will make her expert(s) available for deposition on request within 20 days of Plaintiff's Rule 26(a)(2) expert disclosures;

    c. Defendant will serve its expert disclosures within 30 days of Plaintiff's expert disclosures;

    d. Plaintiff will depose Defendant's expert(s) within 10 days after Defendant's expert disclosures;

    e. Plaintiff will serve her rebuttal disclosures, if any, within 21 days of service of Defendant's expert disclosures;

    f. Expert discovery will end within 31 days of Defendant's expert disclosures.

    g. The deadline for filing dispositive motions shall be forty-five (45) days after the close of expert discovery. Oppositions to the dispositive motions shall be filed no later than thirty (30) days after the filing of the dispositive motions, and replies

1    shall be due no later than twenty-one (21) days after the filing of the opposition

2    briefs.  Subject to Court availability, the hearing on the parties' dispositive

3    motions shall be held fourteen (14) days after the filing of the reply briefs, or as

4    soon thereafter as is practicable under the Court's schedule.  Should any

5    declarations or affidavits be filed in support of dispositive motion briefing papers,

6    the parties should make such affiants or declarants available for deposition by the

7    opposing party sufficiently in advance of the next briefing deadline.

8        h.  Plaintiff requests that a trial be set to commence sixty (60) days after the Court has

9           issued its written ruling on the parties' dispositive motions.

10    **TRIAL**

11    31. Plaintiff expects that the jury trial will last for approximately eight weeks; defendant

12    estimates four weeks.

13    **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

14    32. Pursuant to Civil L.R. 3-16, defendant filed a Certification of Interested Entities or

15    Persons on January 22, 2008.  See Docket Item No. 9.  The Certification provided that the

16    following listed persons have a financial interest, as defined by 28 U.S.C. §455(d)(4), in

17    the defendant, Apple Inc.:  (1)  Board of Directors:  Bill Campbell, Millard Drexel, Albert

18    Gore Jr., Steve Jobs, Andrea Jung, Arthur D. Levinson, Ph.D, Dr. Eric Schmidt, Jerry

19    York; (2) Officers:  Steve Jobs, Peter Oppenheimer, Timothy Cook, Donald Cooperman,

20    Philip Schiller, Tony Fadell, Ronald B. Johnson, Bertrand Serlet, Sina Tamaddon,

21    Jonathan Ive; (3) Others:  Apple is a publicly held company with numerous shareholders.

22    It has no parent company and no one with an ownership interest that must be disclosed

23    pursuant to Federal Rule 7.1.  Shares of Apple stock change ownership on a frequent

24    basis.  Additionally, Apple has many employees who actively participate in its affairs.

25    Apple has identified the officers and directors in this disclosure, but not lower level

26    employees.

27

28

33. Plaintiff states that as of this date, other than the named parties, there are no other interested entities or persons to report.

Dated: April 18, 2008

JONES DAY

By:
Robert A. Mittelstaedt

Attorney for APPLE INC.

Dated: April 18, 2008

HAEGGQUIST LAW GROUP
Alreen Haeggquist
501 West Broadway, Suite A-276
San Diego, CA 92101
Telephone: (619) 955-8218

By:
Alreen Haeggquist

Attorney for Plaintiff

## CASE MANAGEMENT [PROPOSED] ORDER

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.

**IT IS SO ORDERED.**

Dated: _____ , 2008

Hon. James Ware
United States District Judge

SF1-582127v1

C07 6507 HRL
JOINT CASE MANAGEMENT STATEMENT AND
PROPOSED ORDER