1  Robert A. Mittelstaedt (State Bar No. 60359)
   ramittelstaedt@jonesday.com
2  Elaine Wallace (State Bar No. 197882)
   ewallace@jonesday.com
3  JONES DAY
   555 California Street, 26th Floor
4  San Francisco, CA  94104
   Telephone:    (415) 626-3939
5  Facsimile:    (415) 875-5700

6  Attorneys for Defendant
   APPLE INC.
7

8              UNITED STATES DISTRICT COURT

9      NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

10

11 | STACIE SOMERS, on behalf of herself   | Case No. C 07-6507 JW
   | and all others similarly situated,    |
12 |                                       | Related Cases: No. C 05-00037 JW;
   |                  Plaintiff,            | No. C 06-04457 JW
13 |                                       |
   |        v.                             | STIPULATION AND [PROPOSED]
14 |                                       | ORDER REGARDING DISCOVERY
   | APPLE INC., a California Corporation,  | RELATED TO TESTIFYING
15 |                                       | EXPERTS IN THIS MATTER
   |                  Defendant.           |
16

17

18

19

20

21

22

23

24

25

26

27

28

SFI-591347v1

1    The parties stipulate and agree as to discovery related to testifying experts in this matter as

2    follows:

3    1.    This stipulation and order will govern discovery related to testifying experts in this

4    matter.  To the extent that this stipulation and order imposes limitations on discovery that would

5    otherwise be available pursuant to the Federal Rules of Civil Procedure, the parties have agreed to

6    such limitation.  Neither the terms of this stipulation and order nor the parties' agreement to them

7    implies that any of the information exempted from discovery in this stipulation and order would

8    otherwise be discoverable.

9    2.    The parties will make all disclosures required by Rule 26(a)(2)(B), as modified by

10   this stipulation and order, at the times provided in any applicable scheduling order for the service

11   of written expert reports.  To the extent that the disclosures describe or include exhibits,

12   information or data processed or modeled by a computer at the direction of a disclosed expert in

13   the course of forming the expert's opinions, machine readable copies of the data (including all

14   input and output files) along with the appropriate computer program and instructions shall be

15   produced.  If data used by experts are derived from electronic data produced by any party to this

16   action, copies of that original electronic data, in machine readable format, shall be produced,

17   together with any programs and instructions necessary to access and use the data.  No party need

18   produce computer programs that are reasonably and readily commercially available.  All

19   electronic data, together with programs and instructions, shall be produced within five business

20   days of the disclosure of the expert's report to the opposing party.  Copies of the electronic data

21   together with any programs and instructions, and all other materials required to be produced, shall

22   be delivered by hand or overnight express to counsel for the opposing party.

23   3.    The following categories of data, information, documents or materials need not be

24   produced by any party:

25   (a)    drafts prepared by or for the testifying expert including without limitation

26   drafts of expert reports, expert opinions, expert written testimony or expert work papers prepared

27   for this litigation; preliminary calculations, computations, modeling or data runs prepared in

28   connection with this matter; or other preliminary or draft materials prepared by, for or at the

SFI-591347v1

- 2 -

Stip and Prop. Order re Discovery Related to
Testifying Experts;  Case No. CV-07-6507-JW

1    direction of an expert witness; but any documents the expert witness relied on in rendering the

2    expert witness's opinions in this matter, or which form the basis of summaries or tables of

3    information relied on by the expert in rendering the expert witness's opinions in the matter (e.g.,

4    surveys and instructions for surveys), shall be produced and subject to discovery;

5                    (b)      any notes or other writings taken or prepared by or for an expert witness in

6    connection with this matter, including correspondence or memos to or from, and notes of

7    conversations with the expert's assistants and/or clerical or support staff, other expert witnesses

8    or non-testifying expert consultants, or attorneys for the party offering the testimony of such

9    expert witness, unless the expert witness relied on those notes or other writings in rendering the

10   expert witness's opinions in this matter; and

11                   (c)      any written correspondence between an expert witness retained for this

12   litigation and the expert's assistants and/or clerical or support staff, other expert witnesses or non-

13   testifying expert consultants, or attorneys for the party offering the testimony of such expert

14   witness, except that facts, data or information that such an expert relied on in rendering the expert

15   witness's opinions in this matter shall be provided.  However, written engagement letters between

16   a testifying expert retained for this litigation and attorneys for the party offering the testimony of

17   such expert witness are not subject to this stipulation and therefore must be produced.

18           4.      Paragraph 3 shall apply to any data, information, documents or materials without

19   regard to date of preparation.

20           5.      Nothing in paragraph 3, however, shall be construed to prevent substantive

21   deposition questions with respect to alternative theories, methodologies, variables, data,

22   production of documents, or assumptions that the expert may have considered in preparing his or

23   her report.

24           6.      This stipulation and order should not be construed to preclude reasonable

25   questions at deposition going to the expert's compensation, hours expended in preparing his or

26   her report and testimony and frequency and duration of meetings with counsel.

27           7.      Any party proffering the testimony of an expert witness in this matter shall identify

28   each case in which the witness has testified as an expert at trial or by deposition within the

SFI-591347v1

Stip and Prop. Order re Discovery Related to
Testifying Experts;  Case No. CV-07-6507-JW

1  preceding four years. If the testimony or written opinions are subject to confidentiality

2  restrictions prohibiting their disclosure, the party proffering the testimony of the expert witness in

3  this matter will, in good faith, attempt to secure all consents necessary to have the testimony or

4  opinions produced in this matter. Subject to obtaining any other required consents, any party

5  proffering the testimony of an expert witness in this matter who also proffered that person's

6  testimony as an expert witness in a prior matter shall not withhold its consent to the production in

7  this matter of the testimony or opinions from such expert that it proffered in the prior matter.

8

9  Dated: September 9, 2008                        JONES DAY

10

11                                                 By: _____
                                                        Elaine Wallace
12
                                                   Attorneys for Defendant
13                                                 APPLE INC.

14

15  Dated: September 9, 2008                       ZELDES & HAEGGQUIST LLP

16

17                                                 By: _____
                                                        Alreen Haeggquist
18
                                                   Attorneys for Plaintiff
19                                                 STACIE SOMERS

20

21                          *          *          *

22                              [PROPOSED] ORDER

23       IT IS SO ORDERED.

24  DATED: _____      _____

25                                                 THE HONORABLE JAMES WARE
                                                   UNITED STATES DISTRICT JUDGE
26

27

28