| | |
|---|---|
| 1 | Robert A. Mittelstaedt (State Bar No. 60359) |
|   | ramittelstaedt@jonesday.com |
| 2 | Elaine Wallace (State Bar No. 197882) |
|   | ewallace@jonesday.com |
| 3 | JONES DAY |
|   | 555 California Street, 26th Floor |
| 4 | San Francisco, CA  94104 |
|   | Telephone:    (415) 626-3939 |
| 5 | Facsimile:     (415) 875-5700 |

*E-FILED 10/17/08*

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| STACIE SOMERS, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC., a California Corporation,<br><br>Defendant. | Case No. C 07-6507 JW<br><br>Related Cases: No. C 05-00037 JW; No. C 06-04457 JW<br><br>STIPULATION AND [PROPOSED] ORDER REGARDING DISCOVERY RELATED TO TESTIFYING EXPERTS IN THIS MATTER |

SFI-591347v1

Stip and Prop. Order re Discovery Related to
Testifying Experts;  Case No. CV-07-6507-JW

1    The parties stipulate and agree as to discovery related to testifying experts in this matter as
2    follows:

3    1.   This stipulation and order will govern discovery related to testifying experts in this
4    matter. To the extent that this stipulation and order imposes limitations on discovery that would
5    otherwise be available pursuant to the Federal Rules of Civil Procedure, the parties have agreed to
6    such limitation. Neither the terms of this stipulation and order nor the parties' agreement to them
7    implies that any of the information exempted from discovery in this stipulation and order would
8    otherwise be discoverable.

9    2.   The parties will make all disclosures required by Rule 26(a)(2)(B), as modified by
10   this stipulation and order, at the times provided in any applicable scheduling order for the service
11   of written expert reports. To the extent that the disclosures describe or include exhibits,
12   information or data processed or modeled by a computer at the direction of a disclosed expert in
13   the course of forming the expert's opinions, machine readable copies of the data (including all
14   input and output files) along with the appropriate computer program and instructions shall be
15   produced. If data used by experts are derived from electronic data produced by any party to this
16   action, copies of that original electronic data, in machine readable format, shall be produced,
17   together with any programs and instructions necessary to access and use the data. No party need
18   produce computer programs that are reasonably and readily commercially available. All
19   electronic data, together with programs and instructions, shall be produced within five business
20   days of the disclosure of the expert's report to the opposing party. Copies of the electronic data
21   together with any programs and instructions, and all other materials required to be produced, shall
22   be delivered by hand or overnight express to counsel for the opposing party.

23   3.   The following categories of data, information, documents or materials need not be
24   produced by any party:

25   (a)   drafts prepared by or for the testifying expert including without limitation
26   drafts of expert reports, expert opinions, expert written testimony or expert work papers prepared
27   for this litigation; preliminary calculations, computations, modeling or data runs prepared in
28   connection with this matter; or other preliminary or draft materials prepared by, for or at the

direction of an expert witness; but any documents the expert witness relied on in rendering the expert witness's opinions in this matter, or which form the basis of summaries or tables of information relied on by the expert in rendering the expert witness's opinions in the matter (e.g., surveys and instructions for surveys), shall be produced and subject to discovery;

    (b) any notes or other writings taken or prepared by or for an expert witness in connection with this matter, including correspondence or memos to or from, and notes of conversations with the expert's assistants and/or clerical or support staff, other expert witnesses or non-testifying expert consultants, or attorneys for the party offering the testimony of such expert witness, unless the expert witness relied on those notes or other writings in rendering the expert witness's opinions in this matter; and

    (c) any written correspondence between an expert witness retained for this litigation and the expert's assistants and/or clerical or support staff, other expert witnesses or non-testifying expert consultants, or attorneys for the party offering the testimony of such expert witness, except that facts, data or information that such an expert relied on in rendering the expert witness's opinions in this matter shall be provided.  However, written engagement letters between a testifying expert retained for this litigation and attorneys for the party offering the testimony of such expert witness are not subject to this stipulation and therefore must be produced.

  4. Paragraph 3 shall apply to any data, information, documents or materials without regard to date of preparation.

  5. Nothing in paragraph 3, however, shall be construed to prevent substantive deposition questions with respect to alternative theories, methodologies, variables, data, production of documents, or assumptions that the expert may have considered in preparing his or her report.

  6. This stipulation and order should not be construed to preclude reasonable questions at deposition going to the expert's compensation, hours expended in preparing his or her report and testimony and frequency and duration of meetings with counsel.

  7. Any party proffering the testimony of an expert witness in this matter shall identify each case in which the witness has testified as an expert at trial or by deposition within the

1 preceding four years. If the testimony or written opinions are subject to confidentiality
2 restrictions prohibiting their disclosure, the party proffering the testimony of the expert witness in
3 this matter will, in good faith, attempt to secure all consents necessary to have the testimony or
4 opinions produced in this matter. Subject to obtaining any other required consents, any party
5 proffering the testimony of an expert witness in this matter who also proffered that person's
6 testimony as an expert witness in a prior matter shall not withhold its consent to the production in
7 this matter of the testimony or opinions from such expert that it proffered in the prior matter.

9 Dated: September 9, 2008                    JONES DAY

11                                            By: /s/ Elaine Wallace
                                                  Elaine Wallace

13                                            Attorneys for Defendant
                                              APPLE INC.

15 Dated: September 9, 2008                    ZELDES & HAEGGQUIST LLP

17                                            By: /s/ Alreen Haeggquist
                                                  Alreen Haeggquist

18                                            Attorneys for Plaintiff
19                                            STACIE SOMERS

21                                *    *    *

22                              [PROPOSED] ORDER

23    IT IS SO ORDERED.
              October 16, 2008
24    DATED: _____
                                              _____
25                                            THE HONORABLE Richard
                                              UNITED STATES Seeborg
                                              MAGISTRATE JUDGE