United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

The Apple iPod iTunes Antitrust Litigation
_______________________________________/

Stacie Somers,

Plaintiffs,

v.

Apple, Inc.

Defendant.
_______________________________________/

NO. C 05-00037 JW
NO. C 07-06507 JW

**ORDER DIRECTING PARTIES TO SUBMIT FURTHER BRIEFING**

On December 22, 2008, the Court granted class certification under Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) in the <u>The Apple iPod iTunes Antitrust Litigation</u> ("Direct Purchaser Action"). Specifically, the Court approved a Rule 23(b)(2) injunctive relief class with the following definition:

> All persons or entities in the United States (excluding federal, state, and local governmental entities, Apple, its directors, officers and members of their families) who: (a) purchased an iPod from Apple or (b) purchased audio or video files from the iTMS since April 28, 2003.

(December 22, 2008 Order at 13, Docket Item No. 196.) Defendant subsequently pointed out that, although this was the class definition alleged in the Complaint, the Direct Purchaser Plaintiffs had actually moved for certification of a more narrowly defined class. The Court responded by modifying the Rule 23(b)(2) injunctive relief class definition as follows, so as to comport with the actual class sought by Plaintiffs in their moving papers:

> All persons or entities in the United States (excluding federal, state, and local governmental entities, Apple, its directors, officers and members of their families) who since April 28, 2003 purchased an iPod directly from Apple.

(Docket Item No. 198.) Since the Court later dismissed the Direct Purchaser Plaintiffs' claims for *per se* unlawful tying, the class was certified to proceed only on the basis of claims for monopolization and attempted monopolization.[1] (See December 22 Order at 13-14; May 15, 2009 Order at 10, Docket Item No. 213.)

At present, the Court is considering whether to certify an injunctive relief class in the parallel Indirect Purchaser Action, Somers v. Apple, Inc. The Plaintiff in that case has moved to certify a class with the following definition:

> All persons or entities in the United States (excluding federal, state, and local governmental entities, Apple, its directors, officers and members of their families) that from December 31, 2003 to the present purchased an Apple iPod indirectly from Apple for their own use and not for resale.

(Docket Item No. 39 at 3.) This is the exact same class definition as the one the Court has certified in the Direct Purchaser Action, except that the putative class members are indirect rather than direct purchasers of iPods.

In attempting to resolve whether a Rule 23(b)(2) class should be certified in the Indirect Purchaser Action, the Court has developed concerns with respect to the intersection of the claims being asserted in these two cases, the classes as defined in both cases, and the form of injunctive relief sought by both sets of Plaintiffs. First, in the time since the Court granted certification in the Direct Purchaser Action, Defendant has stopped its practice of placing Digital Rights Management ("DRM") restrictions on iTMS purchases. (See Declaration of Michael Scott in Opposition to Class Certification, Ex. 38, Docket Item No. 47 in the Indirect Purchaser Action.) Nonetheless, it is clear that Plaintiffs in both cases still seek to enjoin Defendant from charging consumers to remove DRM from previous iTMS purchases. (See December 22 Order at 10; Plaintiff's Reply in Support of Class Certification at 2, Docket Item No. 64 in Indirect Purchaser Action.)

---

[1] The Court neither dismissed nor certified a class on the basis of Plaintiffs' alternative rule of reason tying claim. The Court anticipates that Defendant will file a Rule 12(c) or Rule 56 motion with respect to this claim.

2

Given that the form of injunctive relief in both cases relates to iTMS purchases, the Court is concerned that the class definitions in both cases include only purchasers of iPods. That is, the Court has certified a class of iPod purchasers in the Direct Purchaser Action, but the injunctive relief sought relates to prior iTMS purchases and not to iPods. The same is true of the proposed class in the Indirect Purchaser Action. Indeed, in the Direct Purchaser Action, the original class definition included iTMS purchasers, but Plaintiffs ultimately sought a more narrow class composed only of iPod purchasers. It is unclear to the Court how a class of iPod purchasers would be entitled to equitable relief in the form of free access to DRM-free iTMS music and video files.

Finally, the Court is uncertain how the class definitions and the injunctive relief sought in these cases intersect with the operative theories of liability. The Court understands there to be only monopolization and attempted monopolization claims at issue in both cases, subject to the Court's resolution of any rule of reason tying claims that Plaintiffs may still attempt to assert. Nonetheless, the class definitions and form of relief appear to reflect that tying claims are still in these cases. That is, the classes are composed of iPod purchasers, but the relief sought relates to iTMS purchases. This appears to map on to the legal theory that Defendant has unlawfully tied iTMS purchases (the tying product) to iPods (the tied product). Tying, at least on a *per se* basis, no longer being a part of either case, the Court seeks clarification on how such injunctive relief would be available under theories of monopolization or attempted monopolization. Relatedly, the Court also seeks clarification as to why Plaintiffs in both cases have chosen to exclude iTMS purchasers from the relevant class definitions, despite the apparent fact that Plaintiffs are pursuing monopolization and attempted monopolization claims relating to the alleged online digital music and video markets.

Given that briefing on the issue of injunctive relief at the class certification stage in both cases has been sparse relative to briefing on other class certification issues, the Court now seeks clarification from the parties on whether, given the operative theories of liability and the class definitions as currently framed, the injunctive relief sought by Plaintiffs in both cases is, in fact, an available remedy. As such, the Court invites Defendant to file either a motion for reconsideration of the Court's grant of a Rule 23(b)(2) class in the Direct Purchaser Action or a motion to strike

3

Plaintiffs' prayer for the type of injunctive relief sought. The Court will refrain from a decision on certification of a Rule 23(b)(2) class in the Indirect Purchaser Action until such time as the parties in both cases have clarified the issues identified in this Order.

The Court had previously set **October 5, 2009 at 9 a.m.** as a hearing date for Defendant's anticipated Rule 12(c) Motion as to the Direct Purchaser Plaintiffs' rule of reason tying claim. Thus, the Court will use the same hearing date to consider Motions by any party as to the issues raised in this Order. Briefing on these Motions shall be in accordance with the Civil Local Rules of the Court.

Dated: July 17, 2009

JAMES WARE  
United States District Judge

**United States District Court**
For the Northern District of California

1  **THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Adam Richard Sand invalidaddress@invalidaddress.com
Alreen Haeggquist alreenh@zhlaw.com
Andrew S. Friedman afriedman@bffb.com
Bonny E. Sweeney bonnys@csgrr.com
Brian P Murray bmurray@murrayfrank.com
Caroline Nason Mitchell cnmitchell@jonesday.com
Craig Ellsworth Stewart cestewart@jonesday.com
David Craig Kiernan dkiernan@jonesday.com
Francis Joseph Balint fbalint@bffb.com
Helen I. Zeldes helenz@zhlaw.com
Jacqueline Sailer jsailer@murrayfrank.com
John J. Stoia jstoia@csgrr.com
Michael D Braun service@braunlawgroup.com
Michael D. Braun service@braunlawgroup.com
Robert Allan Mittelstaedt ramittelstaedt@jonesday.com
Roy A. Katriel rak@katriellaw.com
Thomas J. Kennedy tkennedy@murrayfrank.com
Thomas Robert Merrick tmerrick@csgrr.com
Tracy Strong tstrong@jonesday.com

Dated: July 17, 2009                    **Richard W. Wieking, Clerk**

                                        **By:    /s/ JW Chambers
                                               Elizabeth Garcia
                                               Courtroom Deputy**